UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAVERS, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-02874-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO PARTIALLY DISMISS COMPLAINT**<br><br>Dkt. No. 15 |

## INTRODUCTION

Plaintiffs Earl Godhigh and Angela Osgood bring a putative class action against TVI, Inc. and Savers LLC ("collectively "Savers"), alleging that Savers misclassified its assistant managers as exempt employees and did not pay them overtime or afford them the protections of federal and applicable state laws. Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") on behalf of a nationwide class of Savers's assistant managers and claims under California and Missouri law on behalf of proposed state classes. Compl. ¶ 16. (Dkt. No. 1).

On June 29, 2016 Savers moved to dismiss plaintiffs' Fifth, Seventh, and Ninth Causes of action. Plaintiffs do not oppose Savers's motion to dismiss the Seventh Cause of Action, brought under the California Private Attorney General Act, or the Ninth Cause of Action, brought under the Missouri Labor Law. Only Savers's motion with regard to the Fifth Cause of Action, brought under California Labor Code Section 266, remains in dispute.

Savers moves to dismiss plaintiffs' Section 266(a) claim for civil penalties on the ground that plaintiff Godhigh is barred by the statute of limitations and plaintiffs' Section 266(e) claim for damages on the ground that plaintiffs have failed to adequately allege injury. I GRANT Savers's motion with regard to the 266(a) claim because plaintiffs admit Godhigh does not fall within the statute of limitations and DENY Savers's motion with regard to the 266(e) claim because

plaintiffs have plausibly alleged injury in order to state a claim and to establish Article III standing.

## BACKGROUND

Savers is a for-profit, thrift retailer offering high quality, gently used clothing and household goods. Compl. ¶ 8. Savers employs assistant managers, including production managers and retail sales managers, to work at its retail store locations. *Id.* ¶ 10. Godhigh worked for Savers as a production manager in Berkeley, California and Osgood worked for Savers as a retail sales manager in St. Louis, Missouri. *Id.* ¶ 16-18.

Plaintiffs allege that Savers unlawfully classified them as exempt employees, failed to pay them overtime and failed to provide them with other protections available under state law such as meal breaks, rest breaks, and accurate wage statements. *Id.* ¶ 11. Plaintiffs allege that assistant managers were not exempt because their primary responsibilities included nonexempt duties such as sorting and inspecting donations, putting price tags on items, assisting customers, operating the cash register, and opening and closing the store. *Id.* ¶ 12.

Plaintiffs now bring misclassification claims on behalf of themselves and all similarly situated persons under the FLSA and various California and Missouri statutes. *Id.* ¶ 16.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the

1  court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the
2  plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court
3  is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of
4  fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
5  2008).

## DISCUSSION

### I. PLAINTIFFS' SEVENTH AND NINTH CAUSES OF ACTION

Savers moves to dismiss plaintiffs' Seventh and Ninth Causes of Action on the basis that these claims are barred by their respective statutes of limitation. Motion to Dismiss ("Mot.") 1 (Dkt. No. 15). Plaintiffs admit that these claims are time barred and represent that these claims will not be included in their First Amended Complaint. Opposition ("Oppo.") 1 (Dkt. No. 24). I GRANT Savers's motion to dismiss with regard to the Seventh and Ninth Causes of Action because plaintiffs admit these claims are barred.

### II. PLAINTIFFS' FIFTH CAUSE OF ACTION

Savers also moves to dismiss sections of plaintiffs' Fifth Cause of Action, brought under California Labor Code Section 266. Mot. 1. Savers argues that plaintiffs' claim for civil penalties should be dismissed for all class members because plaintiff Godhigh's claim is barred by the statute of limitations. *Id.* at 3. It also argues that plaintiffs' claim for damages should be dismissed because plaintiffs have failed to adequately plead injury. *Id.* at 4.

Plaintiffs do not dispute that Godhigh's claim for civil penalties is barred by the statute of limitations. Oppo. 4. Their opposition is unclear on whether they still intend to pursue their civil penalties claims on behalf of the class. As Godhigh cannot sustain a civil penalties claim on his own behalf, he cannot pursue these claims on behalf of a class. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) (Where a named plaintiff is not "a member of the class she was named to represent, the case must be remanded with instructions to dismiss.") (internal quotation marks omitted). I GRANT Savers's motion to dismiss the Section 266(a) claims for civil penalties.

Plaintiffs assert that they adequately pleaded injury on the 266(e) claim for damages.

1   Section 266(a) requires every employer to provide employees with an "accurate itemized
2   statement" showing "all applicable hourly rates in effect during the pay period and the
3   corresponding number of hours worked at each hourly rate by the employee." Cal. Labor Code §
4   226(a).  In 2013 the California legislature amended the statute to provide that an employee is
5   "deemed to suffer injury . . . if the employer fails to provide accurate and complete information as
6   required . . . and the employee cannot promptly and easily determine [this information] from the
7   wage statement alone." Cal. Labor Code § 226(e)(2)(C).

Plaintiffs allege that Savers failed to provide "payment of compensation, itemized wage statements accurately showing, at  minimum: gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during pay period." Compl. ¶ 115.  They further assert that as a result "they were confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period." *Id.* ¶ 118.  These allegations satisfy the low pleading requirement of section 226(e).  *See Fields v. W. Marine Prods. Inc.*, No. 13-cv-04916-WHA, 2014 WL 547502, at *8 (N.D. Cal. Feb. 7, 2014) ("Because [the employer] allegedly failed to provide accurate pay-stub information as to the employees' rest-periods and meal-periods in violation of Section 226(a), plaintiffs have satisfied the requirements of Rule 8.").

Savers argues that even if plaintiffs have alleged injury under Section 226, they have not adequately alleged a "concrete injury" sufficient to establish Article III standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  Reply at 4.  It contends that plaintiffs have not pleaded any facts demonstrating how they were actually injured as a result of the non-compliant wage statements and have therefore failed to demonstrate a "concrete and particularized" injury. *Id.* at 1548.  Although plaintiffs' allegations regarding injury are relatively general, they allege that as a result of the non-compliant wage statements they were "confused about whether they were paid properly and/or they were misinformed about how many total hours they worked in each pay period." Compl. ¶ 116.  Plaintiffs have not simply alleged a statutory violation, but have alleged that the violations caused them confusion and caused them to be misinformed.  Compl. ¶ 116. This is a concrete injury sufficient to establish plaintiffs' standing under Article III.  *See Spokeo*,

United States District Court
Northern District of California

136 S. Ct. at 1549 ("[I]ntangible injuries can nevertheless be concrete. Savers's motion to dismiss plaintiffs' Section 266(e) claim for damages is DENIED.

## CONCLUSION

For the reasons outlined above, I GRANT Savers's motion to dismiss plaintiffs' Seventh and Ninth causes of action and plaintiffs' Section 266(a) claim for civil penalties as plaintiffs are barred by the relevant statutes of limitations on these claims. I DENY Savers's motion to dismiss plaintiffs' Section 266(e) claim for damages because plaintiffs have adequately alleged injury sufficient to state a claim and to establish Article III standing.

**IT IS SO ORDERED**.

Dated: September 2, 2016



WILLIAM H. ORRICK
United States District Judge