UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL GODHIGH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAVERS, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-02874-WHO<br><br>**ORDER GRANTING CONDITIONAL FLSA CERTIFICATION**<br><br>Re: Dkt. No. 45 |

## INTRODUCTION

Plaintiffs Earl Godhigh and Angela Osgood seek to conditionally certify a nationwide collective of similarly situated employees under the Fair Labor Standards Act ("FLSA") alleging that Retail Sales Managers ("RSMs") and Production Managers ("PMs") employed by TVI, Inc. and Savers LLC (collectively "Savers") were misclassified as exempt employees, and denied overtime pay. Savers opposes because plaintiffs have not met their burden to show that the putative collective action members are similarly situated and have not made substantial allegations, supported by declarations, that the putative collective action members were subject to an unlawful company-wide policy. Savers also objects to the request that Savers produce the email addresses, telephone numbers, social security numbers, and location information for the putative collective members on the grounds that that this information would be difficult to collect, is sensitive, and plaintiffs have not provided clear reasons as to why this information is necessary.

Plaintiffs have a very light burden to meet at the notice stage for conditional certification in a collective action, and despite the vigorous opposition of Savers, they have met their burden. Plaintiffs' Motion for Conditional FLSA Collective Action Certification is GRANTED. The parties shall meet and confer on the form of Notice.

**BACKGROUND**

Savers operates thrift stores and donation centers in many states across the nation. Opposition ("Oppo.") at 2 (Dkt. No. 53). During the period relevant to this action, it operated over 195 thrift stores and donation centers in 30 different states. *Id.* Savers stores are separated into two distinct areas (1) the sales area where items are sold and (2) the production area where items are received, processed, and priced for sale. *Id.* Savers employs RSMs to supervise the sales area and PMs to supervise the production area. *Id.* Savers classifies RSMs and PMs as exempt employees. Complaint at ¶ 12 (Dkt. No. 1). Plaintiffs allege that PMs and RSMs routinely perform non-exempt duties as their primary duties, including sorting clothing, putting prices on items, and working the sales floor and are therefore misclassified as exempt and entitled to overtime pay. Complaint ¶ 12.

Plaintiffs seek to conditionally certify a collective of RSMs and PMs under the FLSA so that they can give notice of this action and allow PMs and RSMs to opt-in to being represented by plaintiffs' counsel in this case. Motion for Conditional Certification ("Mot.") at 1 (Dkt. No. 45). The collective plaintiffs seek to conditionally certify, the "FLSA Collective," is:

> All persons who have worked for Savers in any location nationwide as [Assistant Managers], including PMs or RSMs and similarly situated current and former employees holding comparable positions but different titles, at any time during the applicable limitations period prior to filing of this Complaint through the date of the final disposition of this action.

Complaint ¶ 15. The FLSA Collective excludes Store Managers. *Id.* fn1.

In order to give notice to the collective, plaintiffs ask me to (1) direct Savers to produce to plaintiffs a class list containing collective members' full names, addresses, non-work phone numbers, social security numbers, email addresses, and the dates and store locations where they worked, (2) direct the dissemination of notice of the pendency of the action by mail and e-mail using the proposed Notice, (3) permit potential Collective Members to file Consent to Join Forms, by mail, fax, e-mail, or website submission, until 90 days after the date of plaintiffs' mailing of notice to the class, and (4) permit the dissemination of a reminder postcard by mail and e-mail. Mot. at 1.

**LEGAL STANDARD**

An employee may bring a collective action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Most courts follow a two-step approach to determine whether employees in a proposed collective are "similarly situated." *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010) (E. Chen); *see also Daniels v. Aeropostale West, Inc.*, No. C-12-05755-WHA, 2013 WL 1758891, *5 (N.D. Cal. Apr. 24, 2013). During the first step, the court must determine whether the proposed collective should be informed of the action and given "notice." *Harris*, 716 F. Supp. 2d at 837. The "notice" stage determination of whether the putative collective members will be similarly situated is made under a "fairly lenient standard" which typically results in conditional certification. *Daniels*, 2013 WL 1758891, *6. At the notice stage it is the plaintiffs' burden to make substantial allegations that the putative collective members were subject to an illegal policy, plan, or decision, by showing that there is some factual basis beyond the "mere averments" in the complaint. *Id.*

Given the lenient standard at the notice stage, courts have held that plaintiffs bear a "very light burden" in substantiating the allegations. *Prentice v. Fund for Pub. Interest Research, Inc.*, No. C-06-7776-SC, 2007 WL 2729187, *5 (N.D. Cal. Sept. 18, 2007) ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage."). Courts have also rejected attempts by defendants to introduce evidence going to the merits of plaintiffs' allegations at the notice stage. *See, e.g.*, *Labrie v. UPS Supply Chain Solutions, Inc.*, No. C-08-3182-PJH, 2009 WL 723599 (N.D. Cal. Mar. 18, 2009) (rejecting defendant's evidence in evaluating conditional certification as "beyond the scope of this court's analysis in the first tier determination insofar as the evidence raises questions going to the merits of whether plaintiffs are sufficiently similarly situated to allow this action to proceed as a FLSA collective action, and is more appropriately considered as part of the court's analysis in the second tier determination on a motion to decertify after conditional certification is granted, notice has been given, the deadline to opt-in has passed, and discovery has closed."); *see also Harris*, 716 F. Supp. 2d at 838 ("A plaintiff need not submit a large number of declarations or affidavits to make

the requisite factual showing. A handful of declarations may suffice . . . The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification.").

**DISCUSSION**

**I. CONDITIONAL CERTIFICATION**

The key question at hand is whether plaintiffs have met their light burden by making substantial allegations and showing the RSMs and PMs are "similarly situated." To meet this burden, plaintiffs submit declarations from the two named plaintiffs and four opt-ins testifying that:

- PMs and RSMs are all classified as exempt employees.
- PMs and RSMs spend approximately 80-90 percent of their time doing non-exempt duties such as folding clothes, assisting customers, working the cash register, opening the store, making deposits, and counting the safe.
- PMs and RSMs are salaried employees.
- Savers does not have any method for tracking PMs' and RSMs' overtime hours (hours exceeding 40 hours per week) and PMs and RSMs were not compensated for any overtime.
- PMs and RSMs regularly worked 50-60 hours per week.
- PMs and RSMs did not take regular, uninterrupted lunch breaks.
- PMs' and RSMs' primary duties do not include hiring, firing, scheduling, conducting performance reviews, disciplining, or setting pay rates.
- Store managers, not PMs and RSMs, have ultimate authority and responsibility for the stores.
- PMs and RSMs responsibilities are similar across different Savers locations.

*See generally*, Dkt. Nos. 45-1, 45-2, 45-3, 45-4, 45-5, 45-6 (Plaintiffs' Employee Declarations).

Savers challenges this testimony and counters with declarations from 80 current Savers PMs and RSMs who testify that:

- PMs and RSMs spend less than 50 percent of their time on non-exempt duties.
- RSMs and PMs manage employees in the sales and production areas of the store.
- There is only one RSM and one PM for each store.

4

- PMs and RSMs directly supervise employees which includes training, disciplining employees, and completing performance reviews.
- PMs and RSMs ensure employees are complying with safety standards and guidelines.
- PMs and RSMs handle customer and donor complaints and use their discretion to resolve issues and offer discounts.
- PMs and RSMs help determine if more employees are needed, who to interview, and participate in the interview process.
- When the Store Manager is away, on vacation, or at conferences, the PMs and RSMs are ultimately responsible for managing the store.

*See generally* Dkt. Nos. 53-5, 53-4, 53-5, 53-6, 53-7, 53-8, 53-9, 53-10. (Savers' Employee Declarations).

The only question at the conditional certification stage, at least as understood by the judges in this District, is whether plaintiffs have made "substantial allegations" that the proposed collective members were subject to an illegal policy, plan, or decision, by showing there is some factual basis beyond the "mere averments" in the complaint for the collective allegations. *Daniels*, 2013 WL 1758891, at *6. Plaintiffs have met that burden.

Savers argues that conditional certification is inappropriate because determining whether PMs and RSMs are properly classified as exempt employees requires an individual-by-individual examination of their job duties. Oppo. at 6. Just because a classification requires a fact-intensive analysis does not mean conditional certification is inappropriate. Supported by their declarations, plaintiffs have asserted that PMs and RSMs had similar job duties across stores and were treated similarly by Savers. If these allegations are true, common proof will be used to answer the fact-intensive inquiry and assess plaintiffs' classification.

If, after development of the evidence, some of the PMs and RSMs turn out to be differently situated in ways that would be material to the classification analysis, then the collective definition could be refined to exclude such PMs and RSMs or, the FLSA collective could be decertified.

Savers relies on two cases from outside the district in which courts concluded that conditional FLSA certification was inappropriate where there were alleged differences among the

5

class members and where a fact intensive inquiry would be necessary to assess classification. *Trinh v. JP Morgan Chase & Co.* No. 07-cv-1666, 2008 WL 1860161, at *3 (S.D. Cal. Apr. 22, 2008); *Litty v. Merrill Lynch & Co., Inc.*, No. 14-cv-0425, 2014 WL 5904907, at*9 (C.D. Cal. Aug. 4, 2014). I have previously rejected this type of analysis, since, if this were the test "no [] misclassification case could be certified under FLSA." *Carter*, 2016 WL 5680464, at *5. If there are materially significant differences between employees, these issues are best addressed during the second step of FLSA certification. *Gilbert v. Citigroup, Inc.*, No. 08-cv-0385-SC, 2009 WL 424320 (N.D. Cal. Feb. 18, 2009) ("Defendants' concern about individualized inquires does not require the Court to deny conditional certification . . . . Under the two-stage certification procedure, Defendants can present this evidence and make these arguments as part of a motion to decertify the class once discovery is complete.").

Further, neither of the cases Savers cites matches the facts here. In *Trinh*, the district court concluded that conditional certification was inappropriate where plaintiffs sought to certify a nationwide collective of all JP Morgan loan officers based only on the declarations of two sub-prime loan officers who testified that they "understood" and "believed" that "all loan officers, everywhere, had the same job functions and were compensated in the same fashion and based on the same criteria." 2008 WL 1860161, at *3. In *Litty*, the district court concluded that plaintiff had failed to present meaningful evidence that he was similarly situated to other Financial Advisors ("FAs") where he submitted only a declaration of his own job duties and the FA job description but did not submit any evidence describing the job duties other FAs actually performed. 2014 WL 5904907, at*9. In contrast, plaintiffs here have submitted six declarations from former PMs and RSMs that outline the specific tasks employees in these two positions were required to perform and demonstrate that these employees performed similar tasks, had similar duties, and were similarly treated by Savers. Unlike the plaintiffs in *Trihn* and *Litty*, plaintiffs have provided evidence, not just speculation, that all PMs and RSMs are similarly situated.

Savers also argues that plaintiffs' six declarations are insufficient to justify conditional certification of a collective of all PMs and RSMs nationwide. Oppo. at 9. Savers notes that over the last three years it has operated over 195 stores in 30 states and employed approximately 537

6

PMs and RSMs. *Id.* It argues that plaintiffs declarations, representing PMs and RSMs at only a handful of stores in five states, cannot possibly speak to the experiences of all PMs and RSMs nationwide. *Id.* at 11. They add that their 80 declarations represent the experiences of far more employees at 40 locations in 12 states and better represent the duties of PMs and RSMs at Savers stores. *Id.*

Savers' rebuttal declarations, at the least, raise a factual dispute, but this issue should be addressed at the second stage of FLSA certification, not at the present notice stage. *See, e.g.*, *Harris*, 716 F. Supp. 2d at 837; *see also Kellgren v. Petco Animal Supplies, Inc.*, No. C-13-644, 2015 WL 5167144, at *6 (S.D. Cal. Sept. 3, 2015) (declining to "give Defendant's happy camper declarations any weight" at the first conditional certification stage).

Plaintiffs' six declarations are sufficient to meet their light burden and conditional FLSA certification is regularly granted on similar evidence. *Sanchez v. Sephora USA, Inc.*, No. 11-cv-03396-SBA, 2012 WL 2945753, at *3 (N.D. Cal. July 18, 2012) (granting conditional certification of a collective of employees covering 280 stores based on four declarations); *Gilbert v. Citigroup, Inc.*, No. 8-cv-0385, 2009 WL 424320-SC, at *5 (N.D. Cal. Feb. 18, 2009) (granting conditional certification of nationwide collective of bank employees based on five California employee declarations and a compensation document); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004) (granting conditional certification of a nationwide collective based on three declarations).

I conclude that plaintiffs have met their burden to show they are similarly situated to the proposed FLSA collective members. Further, they have made substantial allegations in support of the claims they intend to assert of behalf of PMs and RSMs sufficient for conditional certification under the FLSA. Plaintiffs' motion for conditional certification of the FLSA collective is GRANTED.

## II. FORM OF NOTICE

Savers objects to the form of notice suggested by plaintiffs. At the hearing on December 7, 2016, I directed the parties to review the FLSA notice I approved in *Wellens et al v. Daiichi Sankyo, Inc.*, 13-cv-00581-WHO, at Docket Nos. 127, 128, which addressed many of the issues

7

and objections Savers raises. The parties shall submit an agreed-to notice on or before January 12, 2017. If the parties cannot stipulate to the form of notice, they may submit a joint letter of not more than five pages explaining their positions and attach the redlined versions of their proposals.

## CONCLUSION

For the reasons outlined above, plaintiffs' motion for conditional FLSA certification is GRANTED. The parties shall submit an agreed-to notice on or before January 12, 2017.

**IT IS SO ORDERED**.

Dated: December 22, 2016

_____
WILLIAM H. ORRICK
United States District Judge